Filed 6/9/16  P. v. Harvey CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064910 |
| v. | (Super.Ct.Nos. BAR1500745 & RIF10005421) |
| FREDRICK TERENCE HARVEY, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Judith M. Fouladi, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Fredrick Terence Harvey admitted to violating the terms and conditions of his post-release community supervision by failing to follow directives.

1

In return, defendant was sentenced to 120 days in county jail. Defendant appeals, challenging the validity of his admission. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2010, after commencing jury trial, defendant pleaded guilty to nine counts of felony using personal identifying information of another person to obtain credit (Pen. Code, § 530.5, subd. (a)) and one count of felony obtaining personal identification information of 10 or more persons' identifying information with the intent to defraud (Pen. Code, § 530.5, subd. (c)(3)). Defendant also admitted that he had suffered three prior prison terms (Pen. Code, § 667.5, subd. (b)). Defendant was thereafter immediately sentenced to a total term of nine years in state prison with credit for time served.

On September 14, 2015, the Riverside County Probation Department filed a petition to revoke defendant's post-release community supervision (PRCS). The petition alleged that, on September 9, 2015, during a compliance search of defendant's residence by the Riverside County Regional Gang Task Force, three handguns, one shotgun, and multiple rounds of ammunition were located in the residence. Defendant was then taken into custody for a violation of his PRCS. Defendant's supervision was summarily revoked on September 14, 2015.

On September 28, 2015, the petition was orally amended, without objection, to add a violation of failing to follow directives of his PRCS. Defendant, represented by counsel, then admitted to the amended violation of failing to follow directives. In his

2

PRCS waiver of hearing and agreement form, defendant acknowledged that he had been advised by his attorney and understood he was voluntarily waiving his statutory rights. The court found defendant's admission to be knowing, intelligent, and voluntary. In accordance with his agreement, the remaining allegation was thereafter dismissed and defendant was sentenced to 120 days in county jail, to run concurrently with a separate matter. Defendant was awarded 40 days of credit for time served.

On November 25, 2015, defendant filed a timely notice of appeal and request for certificate of probable cause, challenging the validity of the admission. In his request for certificate of probable cause, defendant claimed that his due process rights were violated; that he did not recall knowingly, intelligently, and voluntarily waiving his rights; that the PRCS waiver form is unclear and unintelligible because it failed to specify what directives he failed to follow and there were no references to the guidelines he was supposed to follow; and that he was not given or aware of any PRCS guidelines. On November 25, 2015, the trial court granted defendant's request for certificate of probable cause.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

3

the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

We concur:


HOLLENHORST_____
           J.


SLOUGH_____
           J.